UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DARNELL HARRIS AND SELITA HARRIS | CIVIL ACTION |
| VERSUS | NO. 17-17945 |
| U.S. XPRESS, INC., OZAKI ROBINSON, LEON PARKER, FAMILY DOLLAR TRUCKING, INC., STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ABC INSURANCE COMPANY, and DEF INSURANCE COMPANY | SECTION A(2) |

## ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 3)** filed by Plaintiffs Darnell and Selita Harris. Defendants, Family Dollar Trucking, Inc., U.S. Xpress, Inc., and Ozaki Robinson (collectively referred to as "Removing Defendants") oppose the motion. (Rec. Doc. 4). Leon Parker, Defendant in the main demand and crossclaimant against Family Dollar Trucking, Inc., U.S. Xpress, Inc., and Ozaki Robinson, supports the motion and has filed a response. (Rec. Doc. 5). Finally, Plaintiffs have filed a reply to the opposition. (Rec. Doc. 9). The motion, set for submission on February 21, 2018, is before the Court on the briefs without oral argument. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that the Plaintiffs' motion is **GRANTED** for the reasons set forth below.

**I.  Background**

Plaintiffs seek remand of this action to the Civil District Court for the Parish of Orleans on the following grounds: (1) complete diversity of citizenship, as required by 28 U.S.C. § 1332(a), is lacking and (2) removal was procedurally defective. This matter was originally filed in state court on December 29, 2016. It was removed to this Court precisely a year later on December 29,

1

2017. The action arises out of a motor vehicle accident occurring on or about January 17, 2016. According to Plaintiffs' state court Petition, a vehicle owned and operated by Leon Parker was traveling on I-10 near N. Claiborne Ave. with Plaintiffs Darnell and Selita Harris riding as guest passengers. A tractor owned by Defendant U.S. Xpress, Inc. with an attached trailer owned by Family Dollar Trucking, Inc., operated by Defendant Ozaki Robinson, was also traveling on I-10 near N. Claiborne Ave. Plaintiffs allege that Robinson negligently failed to yield and struck the vehicle occupied by Plaintiff, causing them injuries. As a result of the accident and injuries, Plaintiffs brought suit naming Ozaki Robinson, Leon Parker, U.S. Xpress, Inc., State Farm Mutual Automobile Insurance Company, ABC Insurance Company, and DEF Insurance Company as defendants. (Rec. Doc. 1-1).

Defendants Family Dollar Trucking, Inc., U.S. Xpress, Inc., and Ozaki Robinson removed this matter pursuant to 28 U.S.C. § 1332 and § 1441. Despite Plaintiffs and Defendant Parker both being Louisiana citizens, Removing Defendants allege that Parker was improperly joined. Plaintiffs and Parker both disagree and Plaintiffs move to remand the case back to state court contending that Removing Defendants have not met their burden as to complete diversity, and that the proper procedural requirements of removal were not met.

**II.     Legal Standard**

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending," unless Congress provides otherwise. To respect a plaintiff's initial choice of a state judicial forum and the federalism principles implicated by removal, courts strictly construe the removal statute. *Riley v. Wal-Mart, La.*, No. 15-5729, 2015 WL 9268160, at

*1 (E.D. La. Dec. 21, 2015) (Africk, J.); *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008); *see also Robin Pipeline Co. v. New Medico Head Clinic Facility*, No. 94-1450, 1995 WL 479719, at *1 (E.D. La. Aug. 14, 1995) (Clement, J.) (quoting *York v. Horizon Fed. Sav. & Loan Ass'n*, 712 F. Supp. 85, 87 (E.D. La. 1989) (Feldman, J.)).

It is well-established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper. *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citing *Gaitor v. Peninsular & Occid. S.S. Co.*, 287 F.2d 252, 253–54 (5th Cir. 1961)). Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

### III.  Law and Analysis

The Court agrees with Plaintiffs on both of their arguments in support of remand. Plaintiffs argue that Removing Defendants were untimely in filing their Notice of Removal and such a defect calls for remand. Second, Plaintiffs argue that remand is required as Defendant Parker was not improperly joined, and therefore, complete diversity does not exist.

Section 1332(a)(1) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Since the early days of our Republic, § 1332 has been understood to demand complete diversity. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004).

To remove a case based on diversity, the removing party must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004). Moreover, district courts are prohibited by statute from exercising jurisdiction over a suit in which a party, by assignment or otherwise, has been improperly or collusively joined to manufacture federal diversity jurisdiction. The *Smallwood* holding provides that "[s]ince the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Id.* at 573.

The Fifth Circuit has identified two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). Only the second option applies to the instant matter, and the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

Removing Defendants have failed to meet their burden showing that Defendant Parker, a non-diverse defendant, was improperly joined. Removing Defendants argue that Plaintiffs do not intend to recover damages from Parker, but added Parker only to defeat complete diversity. In support of their argument, Removing Defendants cite deposition testimony from Plaintiff Darnell Harris providing:

> Q: From sitting in the passenger seat, is there anything that Mr. Parker could have done differently to avoid the accident?
>
> [Harris]: No

4

(Rec. Doc. 1-6, p. 3). Removing Defendants also cite the deposition testimony of Selita Harris wherein she states, "I didn't see what happened with the accident because I was laying back with my eyes closed." (Rec. Doc. 1-7, p. 3).[1] Removing Defendants contend that this testimony provided by both Plaintiffs makes it "clear that Plaintiffs are not making a claim against Parker and have no reasonable possibility of recovering damages from Parker in state court." (Rec. Doc. 1, p. 7, ¶ XXIV).

The Court disagrees. These statements do not equal total absolution for Parker from all fault for the accident. Moreover, the Court is hesitant to make a summary inquiry into questions of fault, as Removing Defendants argue is proper. The Fifth Circuit in *Smallwood* cautioned district courts against making summary inquiries. 385 F.3d at 573–75. Conducting a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude a plaintiff's recovery against the non-diverse defendant. *Id.* Moreover, the Court must not tread too far beyond the limits of its jurisdiction. The Fifth Circuit warns:

> Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. *Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.*

*Id.* at 574 (emphasis added).

Depending on Plaintiffs' deposition testimony to argue that Parker is unequivocally zero percent at fault is a stretch. Removing Defendants are far from meeting their burden of showing

---

[1] In further support of their argument that joinder was improper, Removing Defendants note that "based on information received, Plaintiffs have not sought discovery directly from Parker or taken steps to prosecute a claim against Parker." (Rec. Doc. 4, p. 2). Removing Defendants also point out that Plaintiffs failed to file an opposition to a motion for summary judgment filed by Parker's insurer seeking to dismiss Parker from the lawsuit. *Id.* The Court finds these additional arguments to be speculative and these arguments do not sufficiently aid Removing Defendants in meeting their burden of proof.

5

that there is no reasonable basis for the Court to predict that Plaintiffs might be able to recover against Parker. As Louisiana is a comparative fault jurisdiction, even a verdict finding Parker one-percent at fault would result in recovery against a non-diverse defendant.

Like in *Richoux v. CSR Ltd.*, the Court finds that Plaintiffs' "deposition testimony . . . is scant evidence from which to predict that there is no reasonable basis that [plaintiffs] might be able to recover against the non-diverse defendants." No. 08-931, 2008 WL 576242, *4 (E.D. La. Feb. 29, 2008). In that case, the plaintiff stated during deposition that he had no personal knowledge or information that the non-diverse defendants used asbestos-containing products that might have evidenced those defendants were at fault. Judge Berrigan found the deposition testimony insufficient to support an argument that there was no reasonable possibility that plaintiff could recover from the non-diverse defendants. She further reasoned that the deposition testimony was far from the only type of evidence showing fault that the plaintiff might be able to produce at trial. *Id.*

The same is true here. The Court must resolve all ambiguities in favor of the Plaintiffs. Evidence at trial will not be limited to a few lines of Plaintiffs' deposition testimony. Rather, evidence at trial will come from a variety of sources. The evidence put forth by Removing Defendants does not negate a possibility of liability on the part of Parker. Accordingly, Removing Defendants have failed to meet their heavy burden of showing that Parker was improperly joined.

Although the Court will not delve deeply into the procedural requirements, the Court notes that removal was untimely. Removing Defendants removed exactly one year from the date Plaintiffs filed their state court Petition. If a case is not removable based off of the initial pleading, a defendant may remove the case within 30 days of an amended pleading, motion, order, or other paper from when it may first be ascertained that the case is one which is removable. 28 U.S.C. §

1446(b)(3). Removing Defendants argue that their removal was timely because they removed within 30 days of discovering a "pattern of filing against various parties for avoiding diversity jurisdiction with regard to side swipe automobile accidents involving 18-wheel tractor-trailers where one or more claimant is represented by The King Firm." (Rec. Doc. 4, p. 4). Discovery of an alleged pattern of avoiding complete diversity by Plaintiffs' law firm is not the type of "other paper" that would trigger a 30-day window to remove as provided by § 1446(b)(3). Accordingly, Removing Defendants failed to timely meet the procedural requirements of removal. Thus, the Court grants Plaintiffs' motion.

Accordingly;

IT IS ORDERED that Plaintiffs' **Motion to Remand (Rec. Doc. 3)** is **GRANTED** and the above-captioned matter be and is hereby remanded to the Civil District Court for the Parish of Orleans, State of Louisiana.

April 11, 2018

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE